IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **THURMAN D. NELSON, also known as DARRYL SANDERS,**<br>**Plaintiff,**<br><br>v.<br><br>**WARDEN OF C.F.C.F., et al.,**<br>**Defendants.** | **CIVIL ACTION**<br><br>**No. 05-6749** |

**M E M O R A N D U M   &   O R D E R**

Katz, S.J.                                                                                             November 7, 2006

Before the court is Defendants' Lt. Brent and Lt. Sweeney's Motion for Summary Judgment (Docket No. 47).[1]  For the reasons set forth below, the motion is granted.  Judgment will be entered in favor of Defendants Lt. Brent and Lt. Sweeney and against Plaintiff.[2]

**I.  Facts**

On or about December 17, 2005, Plaintiff was admitted as a new inmate at the Curran-Fromhold Correctional Facility ("CFCF"), which is part of the

---

[1] Plaintiff's response was due on November 3, 2006; this motion is therefore ripe for adjudication.  See Local Rule 7.1(c); Fed. R. Civ. P. 6(a), (e).

[2] Plaintiff's Amended Complaint (Docket No. 6) does not divide its claims for relief into Counts. Therefore, judgment will be entered in favor of Defendants Lt. Brent and Lt. Sweeney and against Plaintiff on all of Plaintiff's claims in the Amended Complaint.

Philadelphia Prison System ("PPS").  See Defendants' Motion for Summary Judgment, Exhibit D.  Plaintiff alleges that during his first three days at CFCF, he was held in inhumane conditions.  See Amended Compl. at 3.  At some point thereafter, as part of Plaintiff's mandatory initial medical screening, a CFCF nurse ordered Plaintiff to allow her to draw a sample of his blood for testing for communicable diseases.  Id.; Defendants' Motion for Summary Judgment, Exhibit 3, at 16; id. Exhibit 4, at 1; id. Exhibit 6, at 1.  Plaintiff refused and therefore was placed, in accordance with CFCF policy, in medical quarantine until he would allow the prison medical staff to draw a blood sample.  See id. Exhibit 4, at 5; id. Exhibit 5, at 5; id. Exhibit 6, at 3.  While in medical quarantine, Plaintiff allegedly was denied use of the prison law library, shower facilities, telephone, and recreational facilities.  See Amended Compl. at 3.  On December 29, 2005, Plaintiff brought this action against the Warden of CFCF under 42 U.S.C. § 1983, alleging that the prison's treatment of him violated his Fourteenth Amendment rights to due process and equal protection.  On January 5, 2006, Defendant was transferred from CFCF to SCI Graterford prison (a Pennsylvania state prison).  See Defendants' Motion for Summary Judgment, Exhibit D.  On January 9, 2006, Plaintiff filed an amended complaint to add five more defendants:  Ms. Carol (the prison psychologist),

Corrections Office Rodriguez, Doctor Mosley, Lieutenant Brent, and Lieutenant Sweeney.

## II.  Standard of Review

A summary judgment motion should be granted only if the court concludes that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c).  In a motion for summary judgment, the moving party bears the burden of proving that no genuine issue of material fact is in dispute, see Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 585 n.10 (1986), and the court must "view the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion."  Pennsylvania Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995); see also Matsushita, 475 U.S. at 587.  Once the moving party has carried its initial burden, the nonmoving party "must come forward with 'specific facts showing that there is a genuine issue for trial.'"  Matsushita, 475 U.S. at 587 (quoting FED. R. CIV. P. 56(e)) (emphasis omitted); see also Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (holding that the nonmoving party must go beyond the pleadings to show that there is a genuine issue for trial).  The mere existence of some evidence in support of the nonmoving party will not be sufficient for denial of a motion for summary judgment; there must be enough evidence to enable a jury

reasonably to find for the moving party on that issue, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

### III. Discussion

The Amended Complaint alleges that Defendants Lt. Brent and Lt. Sweeney are liable under 42 U.S.C. § 1983 for:

> [W]illfully conspir[ing] with the warden of CFCF to deny [and actually denying] Plaintiff of use of library to gain direct access to the courts, also denied Plaintiff a shower to cleanse his body and properly treat his body rash, denied use of phone to contact lawyers, family & friends and denied him recreation for exercise purposes . . . and left [Plaintiff] to suffer inhumane conditions . . . because of rules of quarantine and Plaintiff's refusal to give blood which was unlawfully enforced against Plaintiff without due process and equal protection of the law.

Amended Compl. at 3. Defendants Lt. Brent and Lt. Sweeney argue that Plaintiff's claims against them should be dismissed, because Plaintiff has failed to exhaust his prison administrative remedies, as required by 42 U.S.C. § 1997e(a). The court agrees with Defendants and therefore will grant Defendants' motion for summary judgment.

The Prison Litigation Reform Act ("PLRA") provides: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C.

§ 1997e(a) (2006).  The United States Supreme Court and the Third Circuit repeatedly have held that this provision means what it says.  See Porter v. Nussle, 534 U.S. 516, 532 (2002) ("[W]e hold that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); Spruill v. Gillis, 372 F.3d 218, 227, 230 (3d Cir. 2004) (holding in addition that § 1997e(a)'s exhaustion requirement includes a procedural default component); Nyhuis v. Reno, 204 F.3d 65 (3d Cir. 2000) (holding in addition that there is no futility exception to § 1997e(a)'s exhaustion requirement).  It is important to note, however, that the PLRA's administrative exhaustion requirement applies only to inmates who file lawsuits while they are still incarcerated; it does not apply to the lawsuits of inmates "who ha[ve] been released . . . for incidents concerning prison conditions which occurred prior to [their] release."  Ahmed v. Dragovich, 297 F.3d 201, 210 (3d Cir. 2002) ("Although Ahmed would have been free of the strictures of the PLRA if he had filed a timely complaint after his release from prison, he is bound by the PLRA because his suit was filed on July 29, 1998, almost three years before he was released from prison."); see also Berry v. Kerik, 366 F.3d 85, 87 (2d Cir. 2004) (same); Dixon v. Page, 291 F.3d 485, 489 (7th Cir. 2002) (same).

The undisputed facts in this case show that "[e]very inmate, upon admission to the [Philadelphia Prison System ("PPS")], is provided a copy of the inmate handbook, which explains PPS rules and procedures (including intake, housing and grievance procedures)." Vrato Aff. ¶ 4; Inmate Handbook at 10–11; Inmate Handbook, Policy No. 3.F.10. Grievable issues include, but are not limited to, alleged violations of an inmate's civil, constitutional, or statutory rights, unsafe or unsanitary living conditions, criminal or prohibited acts by, inter alia, staff members, and medical treatment. Inmate Handbook, Policy No. 3.F.10, at 2.

The undisputed facts also show that Plaintiff was incarcerated at CFCF between December 17, 2005 and January 5, 2006, see Vrato Aff. ¶ 9; Defendants' Motion for Summary Judgment, Exhibit D (a copy of the PPS Lock & Track Housing Change Summary for Plaintiff), and that Plaintiff has not filed a grievance in the PPS in 2005 or 2006. See Vrato Aff. ¶¶ 8, 9.[3] Moreover, Plaintiff filed this lawsuit on December 29, 2005, while he was still incarcerated at CFCF and therefore still subject to the requirement that he exhaust his prison administrative remedies before filing an action in this court under 42 U.S.C. § 1983. See Ahmed, 297 F.3d at 210.

---

[3] According to the Inmate Handbook, Plaintiff was required to file a grievance within 10 days of the events giving rise to the grievance. Inmate Handbook, Policy No. 3.F.10, at 5.

Since the undisputed facts show that Plaintiff received a copy of the Inmate Handbook and failed to exhaust his prison administrative remedies prior to filing this lawsuit, the court concludes that there is no genuine issue as to any material fact and that the moving Defendants are entitled to judgment as a matter of law.  Therefore, the court will grant Defendants' motion for summary judgment.

### IV.  Conclusion

For the reasons set forth above, Defendants' Lt. Brent and Lt. Sweeney's Motion for Summary Judgment is granted.  Judgment will be entered in favor of Defendants Lt. Brent and Lt. Sweeney and against Plaintiff.


An appropriate Order follows.

_____


_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **THURMAN D. NELSON, also known as DARRYL SANDERS,**<br>    Plaintiff,<br><br>    v.<br><br>**WARDEN OF C.F.C.F., et al.,**<br>    Defendants. | **CIVIL ACTION**<br><br>No. 05-6749 |

# O R D E R

**AND NOW,** this 7th day of November, 2006, upon consideration of Defendants' Lt. Brent and Lt. Sweeney's Motion for Summary Judgment (Docket No. 47), it is hereby **ORDERED** that Defendants' Motion for Summary Judgment is **GRANTED**.  Judgment is entered in **FAVOR** of Defendants Lt. Brent and Lt. Sweeney and **AGAINST** Plaintiff**.**

BY THE COURT:


/s/ Marvin Katz
_____
**MARVIN KATZ, S.J.**